# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-0059-WS |
| ) | |
| DAVID MARZANO and LAURA BLAIR, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on defendant David Marzano's "Motion to Finalize Sentencing Order with Respect to Restitution" (doc. 220), defendant Laura Blair's "Motion to Adopt and Join in Motion to Finalize Sentencing Order with Respect to Restitution" (doc. 221), and defendant Blair's "Amended Motion to Adopt and Join in Defendant Marzano's Reply" (doc. 226).[1] The Motions have been briefed, and are now ripe for disposition.

**I.     Background.**

Defendants David Marzano and Laura Blair (along with co-defendant Janece Burke) were indicted in this District Court on charges arising from their participation in a fraudulent scheme to profit illegally from U.S. Department of State Exchange Visitor Programs. This fraudulent scheme involved more than 200 victims scattered across approximately 30 countries, including places like Moldova, Taiwan, Vietnam and Russia. On April 4, 2016, defendant Blair entered a guilty plea to Count One (conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349) and defendant Marzano entered a guilty plea to Counts One and Four (wire fraud, in violation of 18 U.S.C. § 1343). Both defendants signed written plea agreements acknowledging that restitution was mandatory pursuant to 18 U.S.C. §§ 3556 and 3663(A), and

---

[1] A previous iteration of Blair's "Motion to Adopt and Join in Defendant Marzano's Reply" (doc. 224) in the court file appears substantively identical and entirely redundant to the "Amended Motion to Adopt and Join" filed two hours later. The Amended Motion supersedes and replaces its predecessor; therefore, defendant Laura Blair's original "Motion to Adopt and Join in Defendant Marzano's Reply to Government's Response Concerning Restitution Finalization" (doc. 224) is **moot**.

expressly agreeing "to make full restitution in an amount to be determined by the Court at sentencing." (Doc. 118, ¶ 18; *see also* doc. 119, ¶ 17.)

Presentence Investigation Reports filed on March 3, 2017 reflected that the Government and defendants Blair and Marzano were in agreement "that the conspiracy involved 240 victims with a loss amount of $1,001,000." (Doc. 141, ¶ 10; doc. 143, ¶ 10.) Both PSRs indicated that "[p]ursuant to 18 U.S.C. § 3663A, restitution in the total amount of $1,001,000 shall be ordered in this case …. The victims in the instant case were all foreign nationals and … the present address of many are unknown at this time." (Doc. 141, ¶ 63; doc. 143, ¶ 60.) On June 16, 2017, defendant Marzano filed his Position with Respect to Sentencing Factors, in which he objected to Paragraph 10 of his PSR and denied having reached any agreement as to loss amount; however, Marzano did not expressly object to the restitution amount listed in Paragraph 63 of his PSR. (Doc. 170.)[2] The Government responded to Marzano's objection to Paragraph 10 by showing in detail how the loss amount was calculated and explaining its contention that a loss amount of $920,820.00 was correct. (Doc. 175, at 4.)[3]

Also on June 16, 2017, the Government sent an email to the undersigned's judicial assistant, setting forth its position as to each of Marzano's objections relating to loss calculations. (Doc. 223, Exh. 1.) Attached to this email was a spreadsheet of loss calculations that the Government represented "was provided to defense counsel months ago." (*Id.*) That spreadsheet specifically identified by name each of 261 purported victims of defendants' fraudulent scheme, as well as the sponsoring agency and loss calculation for each victim. The Government's June 16 email reflected its willingness to accommodate a defense objection by removing 55 of those victims who met certain criteria (including 44 who arrived in the United States prior to the beginning of the charged conspiracy, 9 who entered the United States under a different State Department program, and 2 who were not in Marzano's company database). The record

---

[2]   Defendant Blair does not appear to have submitted objections to the restitution and loss amounts reflected in her PSR.

[3]   This calculation was based on the following average costs for each victim: (1) an HCMS fee of $150.00; (2) a housing deposit of $100.00; (3) a State Department SEVIS fee of $120.00; (4) a Sponsor Program fee of $1,600.00; and (5) estimated travel costs of $2,500.00. The sum of these amounts yields a per-victim loss of $4,470.00, multiplied across 206 victims for a total of $920,820.00.

establishes that both sides were well aware prior to sentencing of the names of each of the 206 victims of defendants' fraudulent scheme.

On the morning of June 20, 2017, the Government sent an email to the U.S. Probation Office (with copies to defendants' counsel of record) reflecting that the Government and Marzano's counsel had engaged in further discussions concerning the victims' losses. (Doc. 223, Exh. 2.) The June 20 email stated that, in light of those discussions, the Government had agreed to certain enumerated reductions in the loss calculations, leading to a revised figure of $815,570.[4]

The sentencing hearings for Marzano and Blair (as well as their co-defendant, Burke) were conducted before the undersigned on the afternoon of June 20, 2017. At Marzano's hearing, his counsel withdrew all objections to the PSR and indicated that there were no matters that needed to be taken up as to the content of the PSR. (Doc. 219, at 3.) With regard to restitution, the undersigned ruled as follows during that hearing:

> "It's ordered that you make restitution in the amount of $815,570. That restitution is due immediately and payable in full and is to be paid through the clerk of this court. Restitution is to be paid jointly and severally with co-defendant, Laura Blair, and is to be paid on a pro rata basis. If full restitution is not immediately paid, any amount owing during the period of incarceration shall be subject to payment through the Bureau of Prisons' inmate financial responsibility program. … As a special condition of supervised release, the probation office shall pursue collection in installments to begin within 30 days after the date of release. If restitution is to be paid in installments, it's ordered that you make at least minimum monthly payments in the amount of $250."

(*Id.* at 17-18.) Neither Marzano nor his counsel expressed any objection on the record to the restitution portion of this sentencing hearing. Indeed, when asked at the conclusion of the hearing whether he had any objections or other matters to put on the record, Marzano's counsel responded, "No objections at all." (*Id.* at 21.)

Similarly, at Blair's sentencing hearing conducted on the same afternoon, Blair's counsel answered, "I don't believe so," when asked whether there were any matters that needed to be

---

[4] In particular, the Government agreed to reduce estimated travel costs by $500.00 per victim, for a reduction of $103,000.00 ($500 x 206 victims), and further agreed to cut the $150.00 HCMS fee for the 15 victims who were sponsored by ISE, for a further reduction of $2,250.00 ($150 x 15 victims). Reducing those amounts from the previously calculated figure of $920,820.00 produces a revised total of $815,570.00. (*Id.*)

taken up as to the content of her PSR. (Doc. 219-2, at 5.) The Court's restitution ruling at Blair's sentencing hearing was articulated on the record as follows:

> "It's also ordered that you make restitution in the amount of $815,570 to the individuals at the addresses on file. And that restitution is to be paid jointly and severally with Mr. Marzano and Ms. Burke. That restitution is also due immediately and payable in full and it is to be paid through the clerk of court. … If restitution is to be paid in installments, the Court orders that you make at least minimum monthly payments in the amount of $250."

(Doc. 219-2, at 10-11.) Neither Blair nor her counsel expressed any objection on the record to this restitution ruling. When directly asked by the Court at the conclusion of the sentencing hearing whether there were any objections or other matters that needed to be placed on the record, Blair's attorney responded, "I have no objections," and then added, "I thought you were very fair today. Thank you." (*Id.* at 12-13.)

On June 23, 2017, the Court entered Judgments (docs. 196, 200) as to both Marzano and Blair. Each Judgment included a special condition addressing the defendant's restitution obligation. The restitution portion of Blair's Judgment reads in relevant part (which is similar to the corresponding section of Marzano's Judgment in all respects that are germane to the presently pending Motions) as follows:

> "[T]he defendant shall make restitution in the total amount of $815,570; to be paid jointly and severally with co-defendants David Marzano … and Janece Burke …. ***The victims['] names and addresses will be provided to the Court within 30 days of today's date. Restitution is due immediately and payable in full***, and is to be paid through the Clerk, U.S. District Court. … If full restitution is not immediately paid, the Probation Office shall pursue collection of any balance remaining, in installments to commence no later than 30 days after the date of this order. If restitution is to be paid in installments, the Court orders that the defendant make at least monthly payments in the amount of $250 …."

(Doc. 200, at 2 (emphasis added); *see also* doc. 196, at 3 (similar).) In the "Criminal Monetary Penalties" section, Marzano's Judgment specified a restitution amount of $815,570, but listed the payees as "TBD." (Doc. 196, at 5.) The "Schedule of Payments" section of Marzano's Judgment clearly indicated, "$815,570.00 due immediately." (*Id.* at 6.) Neither Marzano nor Blair filed written objections or motions to correct or amend those Judgments within the allotted 14-day period. *See* Rule 35(a), Fed.R.Crim.P. Neither Marzano nor Blair filed a notice of appeal within 14 days after entry of the Judgments, as required by Rule 4(b)(1)(A), Fed.R.App.P. It is undisputed that each of defendants Blair and Burke (both of whom received sentences of probation) has made $250 monthly installment payments on the restitution obligation in each of

July, August, September and October 2017. (Doc. 223, Exh. 5.) (Defendant Marzano has not, but that appears to be a function of the fact that he is serving a 26-month period of incarceration. The Judgment entered against Marzano specifies that his obligation to make minimum monthly restitution payments of $250 takes effect only after his release from custody.)

The impetus for defendants' current Motions lies in the post-sentencing actions of the Government's Asset Recovery & Financial Litigation Unit, which has actively pursued collection of defendants' restitution obligations over and above the $250/month minimum payment. Most notably, on September 21 and 29, 2017, the Clerk of Court issued Post-Judgment Writs of Garnishment (docs. 213 & 215) on application by the Government, seeking to garnish assets of defendant Blair held in accounts with garnishees Wells Fargo, Prudential Annuities and Invesco Investment Services, Inc.[5]

In the wake of these events, Marzano filed a motion styled "Motion to Finalize Sentencing Order with Respect to Restitution" (doc. 220) on October 26, 2017. In that Motion, Marzano objects that the Government failed to supply the victims' names and addresses to the Court within 30 days after entry of Judgment, as expressly required therein. Marzano suggests that this omission violates the Mandatory Victims Restitution Act ("MVRA"), and moves for this Court (i) to compel the Government to supply documentation and information concerning "the identity, address, and specific losses of each individual victim;" (ii) to hold a hearing for "a final determination of restitution;" and (iii) to enjoin the Government "from conducting further collection efforts for such restitution." (Doc. 220, at 6-7.) Defendant Blair has filed Motions (docs. 221 & 226) of her own, seeking to join in Marzano's Motion and his briefing of same.

**II.    Analysis.**

Defendants' Motions fail on multiple levels. First, and most fundamentally, the Judgments entered as to both Marzano and Blair on June 23, 2017 were not provisional or temporary or placeholder rulings on restitution. They did not "punt" on the question of restitution. Rather, they were final judgments that clearly and unequivocally imposed an order of restitution on each defendant in the amount of $815,570.00. Indeed, Marzano's Judgment

---

[5] Such collection activities contrast with Marzano's counsel's representation that he "advised his client on numerous occasions that, essentially, 'no one would come after his property'." (Doc. 220, at ¶ 8.) That disconnect appears to be the driving force behind defendants' restitution-related Motions.

delineates this specific restitution amount in four different places. Under "Special Conditions" for "Supervised Release," Marzano's Judgment states, "the defendant shall make restitution in the total amount of $815,570." (Doc. 196, at 3.) In the "Criminal Monetary Penalties" section, Marzano's Judgment lists a figure of $815,570.00 under the column heading "**Restitution**." (*Id.* at 5.) In the same section, Marzano's Judgment recited "[r]estitution of $815,570.00, jointly and severally." (*Id.*) And the "Schedule of Payments" section reflected the sum of "$815,570.00 due immediately." (*Id.* at 6.) Blair's Judgment is much the same. Thus, the Judgments at issue here are wholly dissimilar from that in *Manrique v. United States*, 137 S.Ct. 1266, 197 L.Ed.2d 599 (2017), on which Marzano relies.[6]

By statute, "a sentence that imposes an order of restitution is a final judgment." 18 U.S.C. § 3664(*o*). Defendants' request that this Court conduct a new restitution hearing and make new restitution determinations now, five months after entry of the Judgment imposing restitution, is contrary to the finality of criminal judgments, the terms of § 3664(*o*), and the extremely limited authority district courts have to modify final judgments in criminal cases. *See, e.g., United States v. Murray*, 700 F.3d 241, 242 (5th Cir. 2012) ("Federal district courts have only limited authority to modify final judgments in criminal cases."); *see generally United States*

---

[6] At the sentencing hearing in *Manrique*, the sentencing court imposed a term of imprisonment and supervised release and acknowledged that restitution was mandatory, but deferred any "determination of restitution" because the victims' damages had not yet been ascertained. Nearly three months later, the sentencing court held a restitution hearing, after which the court entered an amended judgment imposing a $4,500 restitution order. This approach was proper; indeed, the Supreme Court observed that "the amount to be imposed is not always known at the time of sentencing. When that is the case, the court may enter an initial judgment imposing certain aspects of a defendant's sentence, such as a term of imprisonment, while deferring a determination of the amount of restitution until entry of a later, amended judgment." *Manrique*, 137 S.Ct. at 1270. But that is not what happened here. In this case, the undersigned entered a specific order imposing restitution against Marzano and Blair in a definite, fixed amount, based on specific data from the Government identifying each victim by name, along with the loss amount associated with that victim. Defendants neither objected to nor appealed from the restitution orders, and there was never any discussion or understanding at the sentencing hearing or otherwise that further restitution-related findings or hearings would be necessary before those restitution orders became final and enforceable judgments. Insofar as defendants or their counsel may have assumed otherwise (in an unspoken, unconfirmed fashion, without ever clarifying the matter on the record at sentencing), they assumed incorrectly. Unlike *Manrique*, then, this is simply not a case in which the sentencing court deferred until another day the question of restitution.

*v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). None of the limited exceptions to the general restriction on district courts modifying final judgments in criminal cases are applicable here.[7] The Court is not empowered to do what defendants now ask.

Second, a recurring theme in defendants' filings is that the Government is somehow overreaching its authority or violating the Judgments by seeking to collect on the restitution order in amounts exceeding the $250 monthly installment payments being made by defendants Blair and Burke (and to be made by defendant Marzano following his release from custody). This sentiment is incorrect. Both this Court's oral pronouncement of sentence and the ensuing Judgments are pellucidly clear that the full amount of restitution is "due immediately and payable in full." Defendants seek to evade this unequivocal requirement by dismissing it as "standard wording utilized in this Court's sentencing orders … even when it is the Court's intention to allow a monthly payment schedule." (Doc. 225, at 1.) The Judgments entered in this case – including the "due immediately and payable in full" language – accurately and completely reflect the Court's intentions. The undersigned rejects as erroneous and counterfactual any suggestion by defendants that the restitution orders in this case were intended to provide solely for payment on a $250/month installment plan, with no other collection remedies being available to the Government. Nor have defendants pointed to any written provision in the plea agreements, their correspondence with the Government, or anywhere else,

---

[7] The Court understands, of course, that defendants' position is that the Judgments are in error because they do not identify every victim and the amount of restitution associated with each. Even assuming that position were correct, defendants' recourse would have been to appeal the Judgment in a timely manner. Defendants did not do so. Even if, as defendants say, the Government did not fulfill its responsibility to furnish names and addresses of victims to the Court within 30 days after entry of Judgment, that 30-day period expired on July 23, 2017, more than four months ago. Defendants could have objected and/or appealed then. They did not. Likewise, defendants' objection that the Government has conflated the distinct concepts of "amount of loss" and "restitution" is one that could and should have been raised, if at all, at the sentencing hearing or on direct appeal. Defendants failed to do so. It is simply too late in the day to raise these issues now, merely because defendants are distressed that the Government is attempting to garnish their assets and collect on the $815,570 restitution order, rather than allowing defendants to limp along at $250 monthly installment payments, at which rate the restitution would not be paid in full (even with all three defendants participating) for close to a century.

in which the Government agreed or promised that restitution would be collected solely on a $250/month installment plan, to the exclusion of any other collection activity. And, of course, the time for voicing any objections to the "due immediately and payable in full" language used at sentencing and in the Judgments expired long ago. So any contention that defendants are due relief from the restitution orders in this case at this time based on the Government's subsequent collection activity is unavailing.

Third, ultimately defendants' objections to the restitution orders disregard certain key facts. The names and dollar amounts of restitution for each victim have been known to each party and to the U.S. Probation Office for months, including well before sentencing. There is no confusion and no uncertainty as to the identities of the victims for whom restitution is being collected, or the amount to which each victim is entitled. Given the correspondence trail in the exhibits to the parties' filings, any such objection would be facially meritless. Defendants are correct that, to date, the Government has not succeeded in obtaining addresses for a large number of victims. The information before the Court on this point is that the United States Victim Witness Specialist sent emails to all victims in June 2017, and that to date only 20 victims have responded with contact information. (Doc. 223, at 3.) The Court understands and expects that the Government "has diligently searched for the victims' addresses and will continue to do so." (Doc. 223, at 9.) That those efforts have not yet proven fully successful is not a viable ground for defendants to reopen the restitution orders entered in this case and argue that some other, lower amount of restitution should be imposed. Again, many of defendants' victims are located in distant lands spanning the globe. Defendants will not be allowed to parlay that circumstance – and the Government's concomitant delays in securing address information for such victims – into a windfall reducing their restitution obligations.

**III. Conclusion.**

For all of the foregoing reasons, the Court finds that defendants are subject to final restitution orders obligating them to pay restitution to the victims of their crimes in the total amount of $815,570. That amount was due and payable in full at the time of sentencing, notwithstanding any delays encountered by the Government in obtaining the addresses of those victims. The Motion to Finalize Sentencing Order with Respect to Restitution (doc. 220) filed by defendant David Marzano is **denied**. The Motion to Adopt and Join in Motion to Finalize Sentencing Order with Respect to Restitution (doc. 221) and "Amended Motion to Adopt and

Join in Defendant Marzano's Reply" (doc. 226) filed by defendant Laura Blair are likewise **denied**. Defendant Laura Blair's original "Motion to Adopt and Join in Defendant Marzano's Reply to Government's Response Concerning Restitution Finalization" (doc. 224) is **moot**.

DONE and ORDERED this 27th day of November, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE